DAVID T. MALOOF
KIPP C. LELAND
MALOOF & BROWNE LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNDERWRITERS INSURING THE GOOD
CRISP COMPANY UNDER POLICY NUMBER
V135WJ21PNGF,

        *Plaintiff,*

- against -

MSC MEDITERRANEAN SHIPPING
COMPANY S.A.,

        *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No. 23-Civ-4656**

**COMPLAINT**

Plaintiff Underwriters Insuring The Good Crisp Company Under Policy Number V135WJ21PNGF (hereinafter "Plaintiff" or "Plaintiff Underwriters") by its undersigned attorneys, Maloof & Browne LLC, for its Complaint, alleges on information and belief as follows:

## GENERAL ALLEGATIONS
## APPLICABLE TO ALL CAUSES OF ACTION

### JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction as the claims arise under the Court's maritime jurisdiction pursuant to 28 U.S.C. section 1333 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. At all times material hereto, Plaintiff Underwriters were and are a group of

insurers who insured The Good Crisp Company and its corporate affiliates and subsidiaries (hereinafter "GCC"), the owner of the Shipment which is the subject matter of this action. Plaintiff Underwriters are:

    a. Beazley Furlonge Limited, a corporation or other business entity incorporated in the United Kingdom with its principal place of business in the United Kingdom, and

    b. Nationwide Mutual Insurance Company, a Ohio corporation with its principal place of business in Ohio.

    3. Defendant MSC Mediterranean Shipping Company S.A. (hereinafter "MSC" or "Defendant") is a corporation or other business entity organized and existing under and by virtue of the laws of Switzerland with agent offices located throughout the U.S. including the State of New York, and is engaged in business as a common carrier of merchandise by water for hire, and does business in the State of New York through its general agent, MSC Mediterranean Shipping Company (USA) Inc., which is located at 420 Fifth Avenue, 8th Floor, New York, NY 10018-2702.

    4. Venue is proper here within the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391(b) and/or (c) because the Defendant has its affiliated U.S. offices in this District, and as such it does business in and resides in the Port of New York and in this District, and the bill of lading terms and conditions specify that suit is to be filed in the United States District Court for the Southern District of New York. New York is the most convenient forum because several important witnesses are located in and/or near the State of New York.

## THE SHIPMENT

5. On or about March 8, 2022 there was shipped by GCC and delivered to Defendant MSC in the Port of Busan, Korea, a consignment consisting of 9,445 Cartons of Good Crisps packed into Container No. MSMU5670850, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendant MSC agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport of the Shipment by ocean vessel to the Port of Oakland, California, and there deliver the Shipment to Plaintiff's insured or its designee in the same good order and condition as when received. The Shipment is described in the Bill of Lading issued by MSC bearing number MEDUP9688029 dated on or about March 18, 2022, and/or such other documents as may be deemed to constitute receipts or parts of the contracts of carriage.

6. Thereafter, the Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, was delivered severely damaged, all in violation of Defendant MSC's obligations as a carrier and/or broker and/or forwarder and/or otherwise.

7. Plaintiff Underwriters insured the Shipment against loss and damage. By reason of the loss described above, Plaintiff Underwriters was obliged to pay and actually paid the claim to GCC, the shipper and owner of the consignment, and incurred substantial additional other expenses, for which Defendant MSC is legally liable. Plaintiff brings this action on its own behalf and as agent or trustee on behalf of The Good Crisp Company for its uninsured loss and on behalf of all parties who may be or become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

8. Plaintiff Underwriters and its assured have performed all conditions on

their parts to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $150,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER COGSA, 49 U.S.C. § 30701

10. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

11. By reason of the foregoing, the Defendant MSC was a common carrier of merchandise by water for hire, and/or otherwise was a carrier of merchandise and/or freight forwarder and/or broker and breached its duties as such under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, 49 Stat. 1207, and/or other applicable laws and/or under the applicable transportation contracts.

12. By reason of the foregoing, the Defendant MSC has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $150,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

13. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

14. The Defendant MSC was acting as a bailee of the Shipment at the time of the loss. The Defendant MSC was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said

Shipment in the same condition as when entrusted to it and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendant MSC breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good condition as when entrusted to it.

15. By reason of the foregoing, the Defendant MSC has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $150,000.00.

### THIRD CAUSE OF ACTION

### NEGLIGENCE/GROSS NEGLIGENCE

16. Plaintiff incorporates herein by reference all of the preceding allegations and all of the allegations below.

17. The Defendant MSC, by its negligence and/or gross negligence, including its negligent entrustment/failure to carefully select its subcontractors, caused the damage to the Shipment. The facts indicate that Defendant may also well have failed to use reasonable care in handling the Shipment and/or in other ways which will be elucidated in discovery. The Defendant MSC therefore improperly failed to deliver the Shipment to the consignee, or its designee, in as good condition as when entrusted to it.

18. By reason of the foregoing, the Defendant MSC has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $150,000.00.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendant MSC citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant MSC on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
June 2, 2023

MALOOF & BROWNE LLC

By: /s/ David T. Maloof
David T. Maloof, Esq.
Kipp C. Leland, Esq.
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
E-mails: dmaloof@maloofandbrowne.com
kleland@maloofandbrowne.com

*Attorneys for Plaintiff*

F:\WP-DOCS\0606.11\Pleadings\060223 FINAL Complaint.doc